UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HEATHER STERN, | ) | CASE NO. 1:10MC85 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| AT&T MOBILITY CORP., | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant, | ) | **ORDER** |
| | ) | |
| GENE HOPKINS, | ) | (Resolves Doc. 1) |
| | ) | |
| Interested Party. | ) | |

  This matter appears before the Court on movant Gene Hopkins motion to quash a subpoena issued by Plaintiff Heather Stern. Furthermore, on November 15, 2010, this Court required counsel for Stern to demonstrate why attorney fees should not be awarded to Hopkins. The Court now resolves the issues pending before it.

  The motion to quash is DENIED AS MOOT. Prior to the filing of the motion to quash, the time for the deposition of Hopkins has passed. Counsel for Stern had made no further attempts to compel Hopkins' deposition. Accordingly, the motion is MOOT.

  In response to the Court's show cause order, counsel for Stern has demonstrated that attorney fees should not be awarded in this matter. There is little question that Hopkins was served with a subpoena on the evening of November 9, 2010. The subpoena ordered Hopkins to appear for the deposition less than two days later on November 11, 2010, a national holiday.

During a conference with this Court, Hopkins suggested that this manner of service and the timing of the subpoena warrant an award of attorney fees to him.  The Court disagrees.

The history of this matter indicates the California judge presiding over the class action suit giving rise to this issue allowed objectors to be deposed through an order issued on October 15, 2010.  The order limited the depositions to two hours and ordered that they occur in the city in which each objector resided.  The order also required objector's counsel to notify class counsel by October 18, 2010 regarding whether a subpoena would be necessary for the deposition.  With a final hearing on approval of the settlement set for November 15, 2010, all of the depositions were to be completed by October 29, 2010.

Hopkins' counsel did not notify class counsel regarding the need for a subpoena at any time.  On October 20, 2010, class counsel noticed Hopkins deposition for October 29, 2010.  Hopkins' counsel replied that Hopkins would not appear for the deposition under any circumstances.  Hopkins did not appear and class counsel sought to find him in contempt.  The California court declined to find Hopkins in contempt, but again ordered him to submit to a deposition.  This order was issued on November 8, 2010 and served via email on November 9, 2010.  Two hours later, class counsel noticed Hopkins deposition for November 11 at 1:30 p.m.  Hopkins counsel responded on November 9, 2010 that there was "no way in hell" his client would show up for a deposition or at the final approval hearing.  Hopkins did not show up his deposition, and class counsel had made no further attempt to depose Hopkins.

The above facts indicate contentious litigation between class counsel and objector's counsel.  However, the timeline indicates that class counsel made every effort to timely schedule Hopkins' deposition.  Furthermore, the scheduling of such a deposition was expressly permitted

2

by order of the California court.  While this Court may not agree that such a deposition was appropriate, it is not the Court's place to sit in judgment of the order from the California court.

The Court also notes that Hopkins' counsel offered nothing in rebuttal of the timeline provided by class counsel.  As such, the facts before this Court indicated that Hopkins routinely frustrated the order of the California court.  As a result, class counsel was left with no alternative but to attempt to schedule his deposition on short notice.  Based upon those facts, the Court will not award attorney fees to Hopkins.

This matter is hereby CLOSED.

IT IS SO ORDERED.

February 11, 2011 /s/ John R. Adams
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT